NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRY McKINLEY, | No. 24-4858 |
| Plaintiff - Appellant, | D.C. No. 3:15-cv-00228-WQH-BGS |
| v. | MEMORANDUM* |
| B. HUGIE, Correctional Officer, | |
| Defendant - Appellee, | |
| and | |
| AMY MILLER, Warden, J. G. JANDA, Deputy Warden, R. PREMDAS, Correctional Officer, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 12, 2025**

Before: SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Former California state prisoner Terry McKinley appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging First and Eighth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on McKinley's First Amendment retaliation claim against defendant Hugie because McKinley failed to raise a genuine dispute of material fact as to whether Hugie took an adverse action because of McKinley's protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on McKinley's Eighth Amendment failure-to-protect claim against Hugie because McKinley failed to raise a genuine dispute of material fact as to whether Hugie's alleged actions caused McKinley's injuries. *See Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) ("[P]laintiffs alleging deliberate indifference must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion (Docket Entry No. 15) to rule in McKinley's favor is denied.

**AFFIRMED.**